674 F.2d 293
 Blue Sky L. Rep. P 71,729, Fed. Sec. L. Rep. P 98,625
UNDERHILL ASSOCIATES, INC., Brenner Steed & Associates,
Inc., First Omaha Securities, Corp., Appellants,
v.
Junie BRADSHAW, Thomas P. Harwood, Jr., Preston C. Shannon,
All Commissioners of the Va. State Corp.
Commission, Lewis Brothers, Jr.,
Director, Securities Division
State Corp.
Commission, Appellees,
Securities and Exchange Commission, Amicus Curiae.
 No. 81-1222.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 6, 1982.
Decided March 25, 1982.
 
 Thomas C. Henry, Washington, D.C. (Carl L. Shipley, Shipley, Smoak & Henry, Washington, D.C., on brief), for appellants.
 Joel H. Peck, Richmond, Va., Harvey Bell, Little Rock, Ark. (Lewis S. Minter, Donald G. Owens, State Corp. Commission of Virginia, Richmond, Va., on brief), for appellees.
 Edward F. Greene, Gen. Counsel, Securities & Exchange Commission, Washington, D.C. (Paul Gonson, Sol., Jacob H. Stillman, Associate Gen. Counsel, Richard A. Kirby, Sp. Counsel, Robert Lipsher, Robert Mills, Washington, D.C., on brief), for amicus curiae.
 Before INGRAHAM, Senior Circuit Judge,* and MURNAGHAN and SPROUSE, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 Underhill Associates, Inc., Brenner Steed & Associates, Inc., and First Omaha Securities Corp. appeal from the judgment of the district court denying them relief and holding constitutional the registration provision of the Virginia Securities Act (Act), Va.Code § 13.1-504. The appellants instituted this action in district court against the commissioners of the State Corporation Commission (SCC) and the director of the SCC's securities division seeking a declaration that the broker-dealer registration requirement violates numerous provisions of the United States Constitution-the commerce clause, the supremacy clause, the free speech guarantees of the first amendment, and the due process clause of the fourteenth amendment. They also sought to enjoin the enforcement of the remedies provided by the Act. We affirm.
 
 
 2
 Section 13.1-504(a) makes it "unlawful for any person to transact business in (Virginia) as a broker-dealer, investment advisor or as an agent ... unless registered" with the SCC. The Act provides that a broker-dealer or agent may be registered after filing an application demonstrating that
 
 
 3
 he ... is a person of good character and reputation, that he intends to maintain his records pertaining to the securities business in accordance with the rules of the Commission, that his knowledge or conduct of the securities business and his financial responsibility are such that he is a suitable person to engage in the business, that he has supplied all information required by the Commission and that he had paid the necessary fee.
 
 
 4
 Va.Code § 13.1-505(a).
 
 
 5
 All three appellants are broker-dealers registered with the United States Securities and Exchange Commission, and are, in effect, "discount securities brokers"-offering brokerage services to the public at a lower rate than is usually charged by full service brokers. Although there is some variation between the appellants' operations, their businesses are generally similar. Each appellant is registered in accordance with the local blue sky securities laws of the individual states in which it maintains an office; none have offices, salesmen or representatives physically present in Virginia. They make extensive use of the mails, telephone and advertising to contract business. The advertisements do not disclose the state in which they are registered but the appellants hold themselves out as being available to do business with anyone, anywhere.
 
 
 6
 Appellants' first contention is that Virginia cannot, consistent with the due process clause of the fourteenth amendment, regulate their transactions with Virginia residents because they do not have sufficient contacts with that state to justify the exertion of its authority over them. To determine Virginia's power to regulate the activities of nonresidents, we must look to the extent of these nonresidents' contacts with Virginia and to the nature and extent of the state's interest in exercising its authority. Travelers Health Association v. Virginia, 339 U.S. 643, 648, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950); Merrick v. N. W. Halsey & Co., 242 U.S. 568, 37 S.Ct. 227, 61 L.Ed. 498 (1917); Caldwell v. Sioux Falls Stock Yards Co., 242 U.S. 559, 37 S.Ct. 224, 61 L.Ed. 493 (1917); Hall v. Geiger-Jones Co., 242 U.S. 539, 37 S.Ct. 217, 61 L.Ed. 480 (1917). See also Aldens, Inc. v. Miller, 610 F.2d 538 (8th Cir. 1979), cert. denied, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); Aldens, Inc. v. Ryan, 571 F.2d 1159 (10th Cir.), cert. denied, 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978); Aldens, Inc. v. LaFollette, 552 F.2d 745 (7th Cir.), cert. denied, 434 U.S. 880, 98 S.Ct. 236, 54 L.Ed.2d 161 (1977); Aldens, Inc. v. Packel, 524 F.2d 38 (3d Cir. 1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).
 
 
 7
 Despite appellants' arguments, it is apparent they have greater contacts with Virginia than merely accepting unsolicited orders. Their advertisements are circulated throughout Virginia. Interested persons contact appellants by toll-free telephone numbers and are then sent various informational materials, including an application. Upon receipt of an application, appellants check the prospective customer's financial data, run a credit check and may contact his employer. Only after his application is approved does the discount broker open his account. The appellants send the Virginia customers confirmations after purchase and require them to forward stock certificates after sale. The appellants maintain margin accounts for some customers, requiring credit and concomitant interest charges. All of this amounts to substantial contact with the State of Virginia.
 
 
 8
 Virginia's interest in exercising its authority over appellants also weighs in favor of a finding that Virginia does not violate the due process clause by requiring them to register with the SCC. It is not only desirable, but Virginia's interest in protecting its citizens from possibly dishonest or incompetent securities dealers is obvious.
 
 
 9
 The appellants' second argument is even more readily answered. A state statute does not violate article 1, section 8, clause 3 of the Constitution (the commerce clause) if it regulates evenhandedly in order to effectuate a legitimate local public interest and its effects on interstate commerce are only incidental. Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970). The Virginia statute applies evenly to both local and foreign broker-dealers and the only burden on interstate commerce is the requirement that all broker-dealers register and pay an annual fee of $25.00.
 
 
 10
 Likewise, the Virginia registration provisions have not been preempted by the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and are thus not violative of article 6, clause 2 of the Constitution (the supremacy clause). Not only are state securities acts not specifically preempted by Congress, but the federal Act clearly recognizes the right of states to legislate in the securities field. Moreover, there is no conflict between the Virginia Act and the federal statute. See Ray v. Atlantic Richfield Co., 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978); Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977).
 
 
 11
 Lastly, the challenged statute does not violate appellants' first amendment rights to advertise. Commercial speech is, of course, protected under the first amendment. Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). Simply stated, however, the registration provisions considered in the case sub judice neither regulate commercial speech nor prohibit the appellants from advertising. The appellants are free to advertise in Virginia and any inhibition of that right is merely the incidental effect of observing an otherwise legitimate regulation.
 
 
 12
 In view of the above, the judgment of the district court is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation